UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| SIMONE T. JORDAN-EL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04-cv-665 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| TUDARIAL J. STURDIVANT, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | **OPINION** |
| _____ | ) | |

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. On December 8, 2004, after conducting the review required by the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court issued an Opinion and Judgment (Dkt. Nos. 3 & 4) dismissing the complaint for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). On or about January 5, 2005,[1] Plaintiff attempted to file a motion to amend his complaint, which was rejected for filing by the magistrate judge because the action already had been dismissed. Plaintiff thereafter filed a notice of appeal to the Sixth Circuit. On May 3, 2005, the Sixth Circuit dismissed the appeal of the December 8, 2004 Judgment for lack of jurisdiction, as the appeal was not timely filed. The Court of Appeals, however, directed

---

[1] Under Sixth Circuit precedent, a prisoner's pleading is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his motion on January 5, 2005, and it was received by the Court on January 10, 2005. Thus, it must have been handed to prison officials for mailing at some time between January 5 and January 10, 2005. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

this Court to determine whether Plaintiff's motion to amend the complaint should be filed and considered as a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b).

The Court has considered Plaintiff's motion and has determined that, notwithstanding its caption, it should be considered as a motion for relief from judgment in addition to a motion to amend the complaint. The Court finds, however, no basis for granting relief from judgment.

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

At best, Plaintiff's claim could be construed as one of legal error, which is properly considered under subsection (1) as a type of mistake. *See Pierce v. United Mine Workers of Am. Welfare & Ret. Funds of 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985) (citing *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983)). A motion under Rule 60(b)(1) must be made within a reasonable time, not more than one year after the judgment or order was taken. FED. R. CIV. P. 60(b). The Sixth Circuit holds that a Rule 60(b) motion claiming legal error must be brought within the same time that an appeal may be filed. *Pierce*, 770 F.2d at 451; *Harris v. Ohio*, No. 973621, 1998 WL 939836, at *2 (6th Cir. Dec. 21, 1998) (petitioner had thirty days from the entry of the order dismissing his habeas petition to bring his appeal or file his Rule 60(b)(1) motion). Plaintiff had thirty days in

which to file an appeal. FED. R. APP. P. 4(a)(1). Plaintiff's motion was presented for filing within the 30 days for filing an appeal and therefore will be considered timely.

Plaintiff has set forth no basis for the Court to reconsider its prior determination. As this Court previously held, pursuant to Michigan law, Plaintiff's claims about the content of the Presentence Investigation Report (PSI) must be raised at the time of sentencing and on appeal from the sentence because they form an essential basis for sentencing. *See* MICH. CT. R. 6.429(C) (requiring that any mistake in the PSI be raised at or before the original sentencing or before resentencing in order that the mistake may subsequently be raised as an appellate issue in the criminal conviction). As a result, Plaintiff's challenge to the content of the PSI unquestionably must be considered a challenge to his sentence that is not reviewable in a civil rights proceeding unless and until the underlying conviction or sentence has been overturned or otherwise rendered invalid. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (the holding of *Heck* bars civil rights actions, regardless of whether they seek declaratory relief).

In his motion for relief, Plaintiff argues that the Supreme Court's decision in *Wilkinson v. Dotson*, 125 S. Ct. 1242 (2005) (affirming *Dotson v. Wilkinson*, 329 F.3d 463 (6th Cir. 2003)), undermines this Court's application of the *Heck-Edwards* bar. Specifically, he contends that

*Wilkinson* permits the bringing of certain § 1983 claims without first mandating the reversal of the underlying conviction. Plaintiff is correct that, after *Wilkinson*, some § 1983 challenges to the procedures used in parole decisions are not barred by the *Heck-Edwards* bar. However, in the instant case, Plaintiff's challenge is not a procedural one. Instead, he seeks to undermine determinations made in the PSI that were accepted and adopted by the state court at the time of sentencing. As the Court previously held, such a claim necessarily challenges the imposition of sentence and is barred in this civil rights proceeding. Plaintiff's motion for relief from judgment under Rule 60(b), therefore, will be denied for lack of merit.

The remainder of Plaintiff's motion is directed toward amending the complaint to add an entirely new substantive due process claim. This Court has no discretion in allowing amendment to avoid the dismissal of a case under the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *accord Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612. Plaintiff therefore may not amend his complaint to add additional claims.

An Order consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 4, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |